IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE COSTANZA and CASEY PHILLIPS, D.C. )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>NORTHLAND INSURANCE COMPANY, )<br>)<br>)<br>Defendant. ) | Civil Action No. 06-282 |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

Before the Court is Plaintiff's Motion to Remand this removed matter, asserting that the amount in controversy is not met. Defendant does not oppose the Motion. Moreover, Plaintiffs' Complaint clearly states that it seeks damages in an amount less than $25,0000.

Defendant removed this case on grounds, <u>inter alia</u>, that the amount in controversy exceeds the sum of $75,000. 28 U.S.C. §§ 1332, 1441. 28 U.S.C. § 1447(c) requires that a removed case shall be remanded if at any time before final judgment it appears that this Court lacks subject matter jurisdiction. In addition, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).

It is the burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the

right asserted, and, if appropriately challenged...to support the allegation." See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10, 82 L. Ed. 845, 58 S. Ct. 586 (1938).  In assessing whether the jurisdictional amount is met, the court looks first to the complaint. Bryant v.Ferguson Enters., No. 02-1677, 2002 U.S. Dist. LEXIS 9332, at *2 (E.D. Pa. May 29, 2002). The amount in controversy in the case of an unliquidated damages claim is measured by "a reasonable reading of the value of the rights being litigated." Id. at *3. The mere possibility that damages might aggregate to reach the requisite amount is insufficient to establish federal jurisdiction. See, e.g., Mercante v. Preston Trucking Co.,No. 96- 5904, 1997 U.S. Dist. LEXIS 6120, at *9 (E.D. Pa. May 2, 1997).

Under the present circumstances, Defendant has not met its burden, and remand is clearly appropriate.

Therefore, this **10th** day of April, 2006, it is ORDERED that Plaintiffs' Motion for Remand (Docket No. 5) is GRANTED.  This matter is remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge